# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER 1998 SESSION

FILED

February 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9803-CC-00141 |
| Appellee, | ) | |
| | ) | ROBERTSON COUNTY |
| VS. | ) | |
| | ) | HON. ROBERT W. WEDEMEYER, |
| FREDDIE RAY GUYE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Driving Under the Influence - |
| | ) | Second Offense; Driving |
| | ) | on Revoked License) |

FOR THE APPELLANT:

**MICHAEL R. JONES**
District Public Defender
110 Sixth Ave., West
Springfield, TN 37172

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TIMOTHY BEHAN**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**JOHN W. CARNEY**
District Attorney General

**DENT MORRISS**
Asst. District Attorney General
Main St.
Springfield, TN 37172

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was found guilty in a bench trial of driving under the influence (second offense) and driving on a revoked license. The trial court sentenced the defendant to serve sixty days of an eleven month, twenty-nine day sentence for driving under the influence. The defendant was also sentenced to sixty days to be served concurrently for driving on a revoked license. The defendant now appeals and argues that the trial court erred in ruling that the roadblock set up by White House police officers was constitutional. After a review of the record and applicable law, we find no merit to the defendant's contention and thus affirm the judgment of the lower court.

On June 30, 1995, the defendant was stopped at a roadblock conducted by police officers of White House, Tennessee. When the defendant stopped, Officer Campbell approached his car. Officer Campbell testified that he smelled alcohol on the defendant's breath and asked him to pull to the side of the road. Officer Campbell then performed three field sobriety tests on the defendant, all of which indicated that the defendant was under the influence of alcohol. The defendant was arrested and subsequently indicted.

The defendant contends that the roadblock at which he was stopped was unconstitutional in that it did not conform to predetermined operational guidelines and did not have the proper supervisory authority present as required by State v. Downey, 945 S.W.2d 102 (Tenn. 1997). In Downey, the Tennessee Supreme Court held that

> a sobriety roadblock, although a seizure, can be a reasonable seizure under the Tennessee Constitution, provided it is established and operated in accordance with predetermined operational guidelines and supervisory authority that minimize the risk of arbitrary intrusion on individuals and limit the discretion of law enforcement officers at the scene.

2

<u>Downey</u>, 945 S.W.2d at 104.

In this case, the White House police department had procedural guidelines in place at the time of the roadblock during which the defendant was stopped. The guidelines provided that prior to setting up a roadblock, the chief of police or the next immediate supervisor would be notified of the roadblock. In addition, the procedures required that before any roadblock was set up, prior permission must be obtained from the chief of police or the next immediate supervisor. The guidelines further required that the roadblocks be conducted in accordance with constitutional mandates, that driver licenses could not be checked without probable cause to arrest or cite the driver for an offense, and that there would be no random stops.

The roadblock set up by the White House police officers on June 30, 1995, complied with these procedural guidelines. The officers notified and obtained permission for the roadblock from either Chief Mann or Sergeant Benton.[1] Citizens' driver licenses were not checked unless the police had probable cause to arrest or issue a citation to the driver. In addition, each car that came through the roadblock was stopped so that there would be no random stops.

The defendant contends that because the procedural guidelines did not provide for roadblocks to be publicized in advance, the guidelines do not meet the constitutional requirements set out in <u>Downey</u>. However, the lack of publicity is only one factor to be considered when determining the reasonableness of a roadblock. <u>See</u> <u>Downey</u>, 945 S.W.2d at 111. It is not, in and of itself, determinative.

---

[1] Chief Mann is the chief of police of the city of White House and Sergeant Benton was the next immediate supervisor in charge in Chief Mann's absence.

3

The defendant further contends that the procedures do not require prior approval of supervisory authority, but instead only require notification and, as such, the guidelines do not meet the standards set out in Downey. However, the procedural guidelines specifically state that "[n]o police officer employed by the White House Police Department shall/will set up a roadblock or assist any other Agency without prior permission from the Chief of Police or the next supervisor that may be in charge in the absence of the Chief." This guideline requires the approval of, not just the notification to, supervisory authority. As such, this contention is without merit.

The defendant contends that because the procedural guidelines give the officer in the field the power to choose the location, the timing, and the moving of roadblocks, they are unconstitutional. However, the guidelines only give the officer in charge, not just any officer in the field, the power to choose a new location for a roadblock. In addition, the timing of the roadblock at issue was set out and approved by a supervisor before the actual roadblock. This satisfies the standard of supervisory authority set out in Downey, 945 S.W.2d at 110-11.

The defendant also contends that the roadblocks are unconstitutional because the procedural guidelines do not provide for supervisory authority to be present at the scene. However, Downey does not require that a supervisory authority be present at the scene, only that there be supervisory authority guiding certain decisions so as to limit the discretion of officers in the field. In the case at hand, Sergeant Benton, the immediate supervisor under the chief of police, was present during the roadblock. The defendant contends that Sergeant Benton does not qualify as a supervisory authority because he is charged with patrol duties in addition to supervisory duties. However, Sergeant Benton's position is as a supervisor immediately below the chief of police. As

4

such, he is a supervisory authority and, as he was in charge of the roadblock at issue, the roadblock was sufficiently supervised so as to limit the discretion of officers in the field. Downey, 945 S.W.2d at 110-11.

In sum, the roadblock at issue was operated in accordance with established procedural guidelines, supervisory authority authorized and conducted the roadblock, there was no evidence of any arbitrary intrusion on individuals, and the discretion of officers at the scene was limited by the supervising officer. Therefore, the roadblock meets the requirements set out in Downey and is valid under the Tennessee Constitution.

Accordingly, we affirm the judgment of the trial court.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
JERRY L. SMITH, Judge